**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.  ) | CR. NO. 05 -246 - 06  (RMC) |
| ) | |
| ) | |
| JOSE LUIS CONTRERAS-MACEDAS, et al. ) | |
| (Remegio Gonzalez-Olvera) ) | |

**DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT AND
FOR LEAVE TO ADOPT AND JOIN CO-DEFENDANT'S  MOTION TO DISMISS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the defendant, through undersigned counsel, and respectfully moves to dismiss the superseding indictment and requests that this Court allow defendant to adopt, join, and conform the co-defendant's Motion to Dismiss Pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.  As grounds for this request defendant states as follows:

1. On or about May 10, 2005, Jose Luis Contreras-Macedas and David Mora-Gil were arrested, and on June 28, 2005, they were indicted in this case.  The original indictment charged possession of fraudulent documents and aggravated identity theft.   On or about July 29, 2005, co-defendant Mora-Gil filed a motion to dismiss based on the unnecessary post-arrest delay in charging him in this case.

2. On or about August 2, 2005, Mr. Gonzalez-Olvera was arrested as part of the ongoing investigation of the possession and transfer of fraudulent employment documents. At the time of his arrest, a number of incriminating documents were seized from his vehicle, which the government alleges connect him to this case.  Nevertheless, Mr. Gonzalez-Olvera was not presented on the charges.  The agents detained him on an immigration charge instead, waiting seven weeks to charge Mr. Gonzalez-Olvera in this case.

- 2 -

3. On or about September 22, 2005, a superseding indictment was returned in this case charging Mr. Gonzalez-Overa, as well as six other defendants, with conspiracy to produce and transfer fraudulent documents and other related charges. October 6, 2005, Mr. Gonzalez had his initial appearance before the magistrate judge and was arraigned on the superseding indictment.

4. On or about October 21, 2005, this Court conducted the initial status hearing in this case. At that hearing, the Court advised the defendants that Mr. Mora-Gil had previously filed a motion to dismiss, and that the defendants would have until October 28, 2005 to join in the motion if appropriate.

5. The discovery in the case reveals that following Mr. Gonzalez' arrest, but before the indictment in this case, law enforcement officers interrogated him, and allegedly obtained an incriminating statement. As in Mr. Mora-Gil's case, clearly the delay in prosecuting the defendant was an unnecessary delay for tactical reasons, and dismissal is warranted. Thus Mr. Gonzalez-Olvera is similarly situated to Mr. Mora-Gil, and has standing to join in his motion to dismiss pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.

5. In addition, 18 U.S.C. 3161(b) provides that an "information or indictment charging an individual with the commission of an offense *shall* be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges (emphasis added). Although the government chose to detain the defendant on an immigration matter following his arrest, he was initially arrested "in connection with the charges in this case." Therefore, an information or indictment in this matter should have been filed as to Mr. Gonzalez-Olvera within 30 days of his arrest. The mandatory language of the speedy trial statute requires that charges be filed within thirty days his August 2, 2005 arrest. Since he was charged by indictment 51 days

later, the proper sanction is dismissal. See, 18 U.S.C. 3162(a)(1). Accordingly, the charges in the indictment as to Mr. Gonzalez-Olvera must be dismissed.

WHEREFORE, for the above stated reasons, Remegio Gonzalez-Olvera respectfully moves to dismiss the superseding indictment and to join in co-defendant Mora-Gil's previously filed Motion to Dismiss.

Respectfully submitted,

/s/
Howard B. Katzoff, (Bar # 348292)
601 Indiana Avenue N.W., Suite 500
Washington, D.C. 20004
(2020 783-6414
Counsel for Defendant Gonzalez-Olvera

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically on Fred Yette, Assistant United States Attorney, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and to all defense counsel of record this  28th  day of October, 2005.

/s/
Howard B. Katzoff